IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2014-cv-1909-WYD-NYW

RAY TRIPP WATTS

Plaintiff

v.

SMOKE GUARD, INC.;
POWERS PRODUCTS CO.;
THE RESIDENCES AT LITTLE NELL DEVELOPMENT, LLC.

Defendants

---

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

---

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret within the meaning of Fed. Rule Civ. P. 26(c), or other information of a sensitive nature about ~~the~~a party or third-party subject to protection from disclosure pursuant to that Rule upon court order ~~(or of another person which information the party is under a duty to maintain in confidence)~~, hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

Designation of Confidential Information

1.    *Designation of Material.*  Documents and other things ~~claimed to be or to~~

containing Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2.      *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3.      *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript,

2

and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4.   *Modification of Designation.* The designation of Confidential Information by the designating party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a)   The designating party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

(b)   If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

<u>**Access to Confidential  Information**</u>

5.   *General Access.* Except as  otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only to those identified as follows:

(a)   To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation.

(b)   To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel.

3

(c)     To court reporters transcribing a deposition, hearing, or other proceeding in this matter.

(d)     To independent experts and independent consultants (meaning a person who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation).

(e)     To claims professional for parties' insurance companies that may afford coverage for the claim.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6.     *No Copies/Notes.* Except for use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information excepting reproduction in the course of maintaining counsel's file and communications with those otherwise identified under subsection 5 above .

7.     *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

4

## Use of Confidential  Information

8.      *Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9.      *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10.     *Use at Court Hearings and Trial.* Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed by a party to the finder of fact.

~~11.~~   *Filing Under Seal.* Each document filed with the Court that contains any Confidential Information shall be filed with the court in a manner compliant with D.C.COLO.LCivR 7.2.  Notwithstanding the foregoing, nothing in this Protective Order should be construed as an affirmative ruling that any motion to restrict will be granted, even if the Parties so stipulate. ~~electronically under seal or in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of~~

~~this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.~~

12.   *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13.   *Return After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information or certify that it has been destroyed except. Maintenance of counsel file shall be excepted from this subsection.

### Other Provisions

14.   *Not an Admission.* Nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15.   *Objections.* A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is

6

made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order until such a motion is filed. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential. *Gillard v. Boulder Valley School District,* 196 F.R.D. 382 (D.Colo. 2000).

16. *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

The parties having stipulated and agreed hereto, it is SO ORDERED, this 18th day of May, 2015.

DATED May 18, 2015.                                     BY THE COURT:

                                                        /s/ Nina Y. Wang
                                                        United States Magistrate Judge