IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   14-cv-01909-WYD-NYW

RAY TRIPP WATTS,

       Plaintiff,

v.

SMOKE GUARD, INC.;
POWERS PRODUCTS CO;
THE RESIDENCES AT LITTLE NELL DEVELOPMENT, LLC;
THE RESIDENCES AT LITTLE NELL CONDOMINIUM ASSOCIATION and
SIMPLEXGRINNELL, LP,

       Defendants.

---

**ORDER**

---

I.    <u>INTRODUCTION AND BACKGROUND</u>

       This matter is before the Court on Defendant Residences at the Little Nell Condominium Association, Inc.'s Motion to Dismiss (ECF No. 92).  Plaintiff filed a response in opposition to the motion, and no reply was filed.  The motion is denied as set forth below.

       This is an action for damages against Defendants Smoke Guard, Inc., Powers Products Co., The Residences at Little Nell Development, LLC, The Residences at the Little Nell Condominium Association, Inc., and SimplexGrinnell, LP related to serious injuries sustained by Plaintiff when he was struck on the head by a smoke detector in an elevator at the Residences at the Little Nell in Aspen, Colorado.

       Relevant to this motion, Plaintiff alleges a claim for negligence against Defendant

Little Nell Condominium Association, Inc. ("LNA").  LNA has moved to dismiss the complaint based on the expiration of the applicable statute of limitations.  In response, Plaintiff argues that even though he amended his Complaint to include the additional Defendant LNA after the applicable statue of limitations had run, the amended complaint is not time barred if it relates back to a timely filed complaint.

II.   ANALYSIS

Fed. R. Civ. P. 15(c)(1) governs the relation back of amendments.   If the applicable statute of limitations has run, an amended complaint may relate back to the date of the timely filed original complaint when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint [120 days from date of filing], the party to be brought in by amendment:
>
> > (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A-C).  Rule 15(c)(1)(B) applies to an amendment asserting a claim or defense, and Rule 15(c)(1)(C) applies to an amendment changing a party or the naming of a party.  *See Pierce v. Amaranto*, 276 Fed. Appx. 788, 792 (10th Cir.

2008).  The relation back doctrine's purpose is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure . . . for resolving disputes on their merits."  *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S.Ct. 2485, 2494 (2010).

A.   <u>Relation Back of Added Claims</u>

The purpose of 15(c)(1)(B) is that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide."  *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3 (1984) (citation omitted).  So long as there is a "factual nexus" between the original and amended complaints, the amended claim "is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment."  *Benton v. Bd. of Cnty. Comm'rs*, No. 06–cv–01406–PSF, 2007 WL 4105175, at *3 (D. Colo. Nov. 14, 2007), aff'd, 303 Fed. Appx. 625 (10th Cir. Dec. 17, 2008) (unpublished) (quoting *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir.1983)).  In *Benton*, this Court summarized the law governing the application of the relation back doctrine as follows:

> As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts.  For relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery.  On the other hand, amendments generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences.  It is a matter committed to the district court's sound discretion to decide whether a new claim arises out of the same transaction or occurrence.

*Benton*, 2007 WL 4105175, at *3 (*quoting Kidwell v. Bd. of Cnty. Comm'rs of Shawnee*

-3-

*Cnty.*, 40 F. Supp. 2d 1201, 1217 (D. Kan. 1998).

      B.    <u>Relation Back of Added Parties</u>

Rule 15(c)(1)(C) applies to relation back of an amended complaint that "changes the party or the naming of the party against whom a claim is asserted."  Fed. R. Civ. P. 15(c)(1)(C).  Thus, when a list of parties has "changed," Rule 15(c)(1)(C) governs the relation back to the original complaint.  *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (holding that [the predecessor to Rule 15(c)(1)(C)] governed relation back because the plaintiff's amendment "amounted to adding a new party" (citations omitted)); *see also Bell v. City of Topeka, Kansas*, 279 Fed. Appx. 689, 692 (10th Cir. May 23, 2008) (unpublished) (applying Rule 15(c)(1)(C) when a plaintiff adds a new party).  Accordingly, Rule 15(c)(1)(C) applies to the addition of new parties after the statute of limitations has run on proposed new claims.  *See VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001) ("[i]f a complaint is amended to include an additional defendant after the statue of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint.").  "[Rule 15(c)(1) ] mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski*, 130 S.Ct. at 2496.

Here, on July 9, 2014, Plaintiff filed his original Complaint.  On July 15, 2015, Plaintiff filed his Third Amended Complaint.  (ECF No. 84).  In his Third Amended Complaint, Plaintiff added Defendant LNA to this lawsuit, alleging a claim of negligence arising out of the same June 14, 2012 incident that caused Plaintiff's injuries.  The

applicable statue of limitations on Plaintiff's negligence claim is two years.  Colo. Rev.
Stat. § 13-80-102.  Based on my careful review of the Third Amended Complaint and
the previously filed Complaints, Plaintiff asserted various negligence claims arising out
of the incident where he was hit on the head by a falling smoke detector.  Because
Plaintiff's negligence claim against LNA concerns the same incident with the smoke
detector, I find that it has a sufficient factual nexus between the original and amended
complaints.  Thus, Plaintiff's negligence claim against LNA relates back to the original
Complaint, filed July 9, 2014, which is within the limitations period set forth for tort
actions in Colorado.  Colo. Rev. Stat. § 13-80-102.

I must next determine whether "within the period provided by Rule 4(m) for
serving the summons and complaint, the party to be brought in by amendment: (I)
received such notice of the action that it will not be prejudiced in defending on the
merits; and (ii) knew or should have known that the action would have been brought
against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P.
15(c)(1)(C).  "Notice is satisfied when the parties are so closely related in their business
operations or activities that the institution of an action against one serves to provide
notice of the litigation to the other." *Laratta v. Raemisch*, No. 12-cv-02079-MSK, 2014
WL 1237880, at *16 (D. Colo. March 26, 2014) (internal citations omitted).

In his response, Plaintiff asserts that Defendant LNA's notice was sufficient
because LNA received such notice that it will not be prejudiced in its defense and knew
or should have known that the action would have been brought against it, but for a
mistake concerning the proper party's identity.  In support, Plaintiff states that such

knowledge and notice is shown by the proximity and connection between LNA and an already named Defendant, Little Nell Development ("LND").  Defendant LNA's Articles of Incorporation show Brooke Peterson, as one of three members serving on the "Executive Board" of Little Nell Association.  This same individual, as indicated by the Secretary of States's online website, served as the registered agent for Defendant LND when this action was commenced, and currently serves as the registered agent for Defendant LNA.  Ms. Peterson served as the registered agent for LND at the same time that she served for LNA as both its registered agent and Executive Board member. LNA has not filed any opposition to Plaintiff's argument.  Thus, based on the foregoing, I find that notice is satisfied because Defendants LNA and LND are so closely related in their business operations, as evidenced by the role of Ms. Peterson in both entities, in that the institution of this action against LND serves to provide constructive notice of the litigation to LNA.  I further find that because it received such notice, LNA is not prejudiced in defending this suit.  *See Krupski*, 130 S.Ct. at 2491-92.

Accordingly, Defendant LNA's motion to dismiss based on the applicable statute of limitations is denied pursuant to Fed. R. Civ. P. 15(c)(1).

III.    <u>CONCLUSION</u>

Based on the foregoing, Defendant Residences at the Little Nell Condominium Association, Inc.'s Motion to Dismiss (ECF No. 92) is **DENIED**.

Dated:  January 4, 2016

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge